**23SL-CC00454**

Electronically Filed - St Louis County - January 27, 2023 - 03:30 PM

**MISSOURI CIRCUIT COURT**
**TWENTY-FIRST JUDICIAL CIRCUIT**
**ST. LOUIS COUNTY CIRCUIT CLERK**

| | | |
|---|---|---|
| MEGAN PARKS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No: |
| vs. | ) | |
| | ) | |
| CENTENE MANAGEMENT | ) | |
| COMPANY, LLC | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Serve at Registered Agent: | ) | |
| | ) | |
| C T Corporation System | ) | |
| 120 S Central Ave. | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION

COMES NOW Plaintiff Megan Parks, by and through her undersigned attorney, and for her Petition states as follows:

### PARTIES

1.      Plaintiff Megan Parks is, and was at all times relevant herein, a resident of Iron County, State of Missouri, and an individual over the age of 21 years.

2.      Defendant Centene Management Company, LLC is, and was at all times relevant herein, a corporation licensed to do business in Missouri.

3.      Defendant Centene Management Company, LLC's principal place of business is located in St. Louis County, Missouri.

4.      Venue is proper, because the allegations set forth occurred in St. Louis County, Missouri.

1

Electronically Filed - St Louis County - January 27, 2023 - 03:30 PM

**STATEMENT OF FACTS**

5.      Plaintiff Parks began her employment with Defendant Centene Management Company, LLC on October 1, 2012, as a Claims Analyst. She subsequently became a Business Analyst III, where she performed various analysis and interpretation to link business needs and objectives.

6.      Although Plaintiff Parks had grown up in a Christian household, Plaintiff officially became a devout Christian on or around April 2017.

7.      Although Plaintiff Parks had a history of vaccinations prior to her devotion to Christianity, she had not undergone any vaccinations since April 2017.

8.      Furthermore, Plaintiff Parks had no previous history of requesting religious accommodations with her employers prior to April 2017.

9.      In of the fall of 2021, Defendant Centene Management Company, LLC generally notified employees of the need to comply with the Policy by January 2022, or face termination.

10.     On November 12, 2021, Plaintiff Parks submitted a request for a religious accommodation ("Request") to allow her an exemption from the Policy and to be able to work from home so she would not interfere with or harm other employees' health or beliefs. In her Request, she states her church's theological position, claiming it is against her beliefs to require "someone to make choices that violate their conscience", in correlation with *Romans* 14.[1]

---

[1] That chapter illustrates:
    (1) Accept the one whose faith is weak, without quarreling over disputable matters.
    (2) One person's faith allows them to eat anything, but another, whose faith is weak, eats only vegetables.
    (3) The one who eats everything must not treat with contempt the one who does not, and the one who does not eat everything must not judge the one who does, for God has accepted them.
    (4) Who are you to judge someone else's servant? To their own master, servants stand or fall. And they will stand, for the Lord is able to make them stand.
    (5) One person considers one day more sacred than another; another considers every day alike. Each of them should be fully convinced in their own mind.
    (6) Whoever regards one day as special does so to the Lord. Whoever eats meat does so to the Lord, for they give thanks to God; and whoever abstains does so to the Lord and gives thanks to God.

2

Electronically Filed - St Louis County - January 27, 2023 - 03:30 PM

11.     Separately, Plaintiff Parks also submitted a letter from her Pastor, Lois Yates of Grace Christian Fellowship Church.

          a.  Yates identifies Plaintiff Parks as an active member, and reiterates the "personal conscience" argument from Plaintiff Parks' Request;

          b.  The Pastor Letter also states the Church's belief in protecting the unborn and their opposition to the COVID-19 vaccines because they were "developed using stem cell lines from the unborn." The Pastor cites to *Psalm* 139:13 in this paragraph.

---

(7) For none of us lives for ourselves alone, and none of us dies for ourselves alone.

(8) If we live, we live for the Lord; and if we die, we die for the Lord. So, whether we live or die, we belong to the Lord.

(9) For this very reason, Christ died and returned to life so that he might be the Lord of both the dead and the living.

(10) You, then, why do you judge your brother or sister[a]? Or why do you treat them with contempt? For we will all stand before God's judgment seat.

(11) It is written: "'As surely as I live,' says the Lord, 'every knee will bow before me; every tongue will acknowledge God.'"

(12) So then, each of us will give an account of ourselves to God.

(13) Therefore, let us stop passing judgment on one another. Instead, make up your mind not to put any stumbling block or obstacle in the way of a brother or sister.

(14) I am convinced, being fully persuaded in the Lord Jesus, that nothing is unclean in itself. But if anyone regards something as unclean, then for that person it is unclean.

(15) If your brother or sister is distressed because of what you eat, you are no longer acting in love. Do not by your eating destroy someone for whom Christ died.

(16) Therefore do not let what you know is good be spoken of as evil.

(17) For the kingdom of God is not a matter of eating and drinking, but of righteousness, peace and joy in the Holy Spirit,

(18) because anyone who serves Christ in this way is pleasing to God and receives human approval.

(19) Let us therefore make every effort to do what leads to peace and to mutual edification.

(20) Do not destroy the work of God for the sake of food. All food is clean, but it is wrong for a person to eat anything that causes someone else to stumble.

(21) It is better not to eat meat or drink wine or to do anything else that will cause your brother or sister to fall.

(22) So whatever you believe about these things keep between yourself and God. Blessed is the one who does not condemn himself by what he approves.

(23) But whoever has doubts is condemned if they eat, because their eating is not from faith; and everything that does not come from faith is sin.

*See Romans* 14 (King James).

3

Electronically Filed - St Louis County - January 27, 2023 - 03:30 PM

    c.   Yates emphasizes that because the COVID-19 vaccine is impure for those reasons, taking the vaccine would be sinful to them,[2] and thus would violate their conscious in accordance with *Romans* 14.

12.    Upon Plaintiff Parks' submission of her Request, no follow-up interviews or inquiries were conducted by Defendant.

13.    On or around December 13, 2021, Defendant Centene Management Company, LLC's accommodations team notified Plaintiff Parks that her religious accommodation request had been reviewed and denied, arguing that she failed to meet the legal standard because:

    a.   Plaintiff did not establish she had a sincerely held religious belief which conflicted with the Company's vaccine policy,

    b.   Plaintiff failed to address the inconsistency of opposing the COVID vaccines,

    c.   Plaintiff's previous history of taking other vaccines and medications prior to her conversion, and

    d.   Plaintiff's "personal conscience" assertion was not found to be a specific religious belief or necessarily related to COVID-19 vaccines. Rather, Defendant Centene Management Company, LLC alleges that the majority of her stated views were "non-religious beliefs . . . that [were] essentially philosophical, social, political health concerns and/or personal preference."

---

[2] Similar theological arguments have been made, such as that (a) The Bible calls the human body "a temple of the Holy Spirit.", (b) the New Testament makes multiple references likening the human body to a temple, and (b) that being injected with a foreign substance such as a vaccine would defile their bodies, thus being an act of sin.

Electronically Filed - St Louis County - January 27, 2023 - 03:30 PM

14.     On that same day, Plaintiff Parks appealed the initial determination the same day she received the denial. In her appeal, Plaintiff Parks demonstrated the supposed risks associated with vaccines that she believed further support her religious beliefs, such as:

      a.   Her argument that the ingredients of these 'vaccines' had not been yet been fully disclosed;

      b.   Her belief that fetal cells were used to develop the vaccines; and

      c.   Her belief that the RNA and mRNA used "nano lipid particles with biosensor technology that can sync with Microsoft patent 060606."

15.     Additionally, Plaintiff Parks' appeal included reference to the religious conscious argument and was accompanied with a copy of her initial application request.

16.     On December 17, 2021, after completing the review of Plaintiff Parks' appeal information, Defendant Centene Management Company, LLC's accommodations team notified Plaintiff Parks it upheld the original decision to deny her religious accommodation request. Centene informed Plaintiff Parks that she must provide proof of vaccination, consistent with the Policy, or remain unvaccinated and be subject to disciplinary action.

17.     Plaintiff Parks made numerous attempts thereafter to contest Defendant Centene Management Company, LLC's decision, providing further proof of her religious activity and citing Biblical passages and religious beliefs that align with previous statements made in her accommodation requests.

18.     Defendant Centene Management Company, LLC repeatedly denied her requests, asserting that Plaintiff has failed to provide any new information to support her request for a religious exemption and failed to comply with the Policy and provide proof of her vaccination before the deadline.

Electronically Filed - St Louis County - January 27, 2023 - 03:30 PM

19.     On or around February 4, 2022, Plaintiff was discharged from Defendant Centene Management Company, LLC.

20.     On or around May 23, 2022, Plaintiff Parks filed her Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

21.     Plaintiff's Right to Sue, which was issued by the EEOC on December 23, 2022, is attached herein.

## COUNT I: VIOLATION OF TITLE VII RELIGIOUS DISCRIMINATION AND RETALIATION

22.     Plaintiff Parks restate the foregoing paragraphs as if set forth fully herein.

23.     Plaintiff Parks engaged in protected activity when they requested (or sought to request) religious accommodations from Centene Management Company, LLC's vaccine mandate.

24.     Defendant Centene Management Company, LLC refused to accommodate Plaintiff Parks.

25.     Defendant Centene Management Company, LLC refused to demonstrate how such religious accommodations were unduly burdensome.

26.     In May 2021, the EEOC issued guidelines addressing the COVID-19 vaccines and rights and obligations of employers, titled "What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws – Technical Assistance Questions and Answers" (hereafter "EEOC COVID-19 Guidance"). The EEOC COVID-19 Guidance provides "examples of reasonable accommodations or modifications that employers may have to provide to employees who do not get vaccinated due to disability; religious beliefs, practices, or observance; or pregnancy." Reasonable accommodations the EEOC has identified as potentially not imposing

Electronically Filed - St Louis County - January 27, 2023 - 03:30 PM

an undue hardship on the employer include requiring the unvaccinated employee entering the workplace to:

      a.   wear a face mask,

      b.   work at a social distance,

      c.   work a modified shift,

      d.   get periodic tests for COVID-19,

      e.   be given the opportunity to telework, or

      f.   accept a reassignment.

27.     For over a year, Defendant Centene Management Company, LLC has had the opportunity to test many relevant accommodations in the hospitals in which Plaintiff was employed, including daily assessments of personal health and potential exposure, availability of targeted COVID-19 testing, protocols requiring non-work when symptomatic or potentially exposed to COVID-19, contact tracing, handwashing and hygiene, use of PPE, including masking (such as N-95 masks in appropriate circumstances), face shields, gowns, and disposable gloves as required under the circumstances.

28.     In addition, there are other accommodations that are potentially available. For instance, the EEOC has specifically identified testing of employees before they enter the workplace. The EEOC COVID-19 Guidance states, "an employer may choose to administer COVID-19 testing to employees before initially permitting them to enter the workplace and/or periodically to determine if their presence in the workplace poses a direct threat to others." EEOC COVID-19 Guidance, A.6.

Electronically Filed - St Louis County - January 27, 2023 - 03:30 PM

29.     Before summarily rejecting Plaintiff's requests for religious exemptions Defendant Centene Management Company, LLC was required to analyze the potential available accommodations in a real-world context.

30.     Defendant Centene Management Company, LLC's failed to demonstrate the existence of any undue hardship in granting Plaintiff's religious accommodation.

31.     Plaintiff Parks was terminated by Defendant Centene Management Company, LLC for refusing to comply with the company's vaccine mandate, despite her numerous requests for religious accommodations.

32.     Plaintiff Parks' religious beliefs and her protected activity of seeking a religious exemption were the causes of Defendant Centene Management Company, LLC's adverse employment actions.

33.     By retaliating against Plaintiff for engaging in protected activity, i.e., filing requests for religious exemption and seeking accommodation, Defendant Centene Management Company, LLC has violated Title VII.

34.     As a result of such violation, Plaintiff Parks suffered damages, as well as wage loss, severe emotional distress, and a short period of unemployment.

WHEREFORE Plaintiff Megan Parks requests humbly that the Court enter judgement in her favor, and set the case for trial by jury to assess damages arising from the discriminatory conduct of Defendant Centene Management Company, LLC, attorneys fees, and for any other relief as may be just and proper under the circumstances.

Electronically Filed - St Louis County - January 27, 2023 - 03:30 PM

Respectfully submitted,

**OTT LAW FIRM**

_____
Joseph A. Ott, #67889

_____
Mark E. Blankenship Jr., #73123

3544 Oxford Blvd
Maplewood, MO 63143
Telephone:  (314) 293-3756
Facsimile:   (314) 689-0080
joe@ott.law
mark@ott.law
*Attorneys for Plaintiff*